State of Oregon *v.* Oregon Central Railroad Co.

---

The State of Oregon, Appellant *v.* The Oregon Central Railroad Company, Respondent.

*Appeal from Marion County.*

An order, made by the circuit judge, refusing leave to bring an action against a private corporation, is not one from which an appeal will lie.

On the 27th day of June, A. D. 1868, a petition was presented to the judge of the third judicial district, by Joseph Gaston, upon which the prosecuting attorney and petitioner asked leave to bring an action, in the name of the State, against the Oregon Central Railroad Company, for the purpose of avoiding the charter of that company, because, as alleged, it had offended against the law of its incorporation

State of Oregon *v.* Oregon Central Railroad Co.

in electing officers before sufficient subscription had been made to its stock, and that more than six months had elapsed, after such pretended election, before such corporation commenced its operations, and for other grounds. The judge refused leave, and an appeal was taken from that order of refusal.

*Hill & Kelly,* for appellant.

*Mitchell & Ellsworth,* for respondent.

WILSON, J. The jurisdiction of the court is found in *section 6, article 7 of the Constitution of the State:* "The Supreme Court shall have jurisdiction *only* to revise the *final decisions* of Circuit Courts." The legislature gave a construction to the words "final decisions," in *section 525, page 250 of the Code,* and for the purpose of this motion, we cite only the first part of the second clause, viz.: "An order affecting a substantial right, and which in effect determines *the* action or suit, so as to prevent a judgment or decree therein * * * shall be deemed a judgment or decree." Clearly the order must be made at some stage in the progress of a case, and which *then* practically determines the proceedings.

The order appealed from here precedes any action, and is made a preliminary step to its inception, without which the action may not be begun. The intention evidently was to place some barrier to a privilege, whose too free use might involve the State in costs and trouble at the hands of litigants to prevent private parties from using the name and power of the State in enforcing fancied rights or redressing pretended wrongs, and for this purpose the courts or the judges, were interposed between the desire for litigation and its actual commencement. The court is permitted to say in what cases the State of Oregon should seek to restrain the unauthorized working of corporations, and thus guard the public interests. The refusal of leave by the circuit judge does not prevent the party seeking permission from presenting another petition for

State of Oregon *v.* Oregon Central Railroad Co.

the same purpose, containing such reasons as would induce the judge to grant that which to him would be a willing duty.

*Section* 352, *page* 237, *of the Code*, confers upon the governor the power to grant leave for the institution of actions against both public and private corporations for similar causes, and no remedy is provided for any relief in case that officer should refuse leave. It cannot be that the legislature intended that the acts resting in the discretion of the law officers should be reviewed; while similar acts resting in the discretion of an officer, who need not be versed in the law, may not be reviewed. Again in section 357, page 239, the prosecuting attorney is empowered to proceed or not in a case at his discretion; and this, even though the court or judge had already given leave to bring the action, he may regulate, or render wholly null the permission of the court; thus demonstrating that the order of the judge cannot certainly be a judgment or order affecting a substantial right, thereby preventing a judgment or decree. That power is entrusted to another and inferior officer. By such granting of leave, the judge would say to the prosecuting attorney, I have thought it proper that this action should be commenced, and I recommend the parties to your discretion.

In addition to the general law regulating appeals the legislature has made ample provisions for appeal in all cases where the power of the court or judge is invoked in matters not properly coming within the terms, action or suit. In writs of mandamus, habeas corpus, and review, express authority is given for appeal, protecting all rights. This order does not come within either the word or spirit of the statute, defining what would be a proper decision from which an appeal would lie.

The appeal is dismissed.